UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARQUEZ B. PERRY,<br>    Plaintiff, | Case No. 1:21-cv-225 |
| vs | Cole, J.<br>Bowman, M.J. |
| WARDEN RON ERDOS, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate currently incarcerated at the Toledo Correctional Institution (TCI) has filed a pro se civil rights action for alleged violations of his rights while he was housed at the Southern Ohio Correctional Facility (SOCF). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff names the following SOCF employees as defendants in his lawsuit: Warden Ron Erdos, Deputy Warden Cynthia Davis, Unit Management Chief Jeremy Oppy, and Unit Manager Harris. (Doc. 1-1, at PageID 7).

In his complaint, plaintiff alleges that, following his report of being raped by a high ranking Blood gang member and his transfer to SOCF, where plaintiff was housed at the time of the events underlying this action, he was harassed and threatened by other Blood gang members, who were angry that he had reported the alleged rape.[1] (Doc. 1-1, at PageID 11).

Plaintiff further alleges that he was assaulted at SOCF by Blood gang members on October 14, 2020 and almost assaulted on January 8, 2021. Plaintiff asserts that at the time he filed the instant complaint, he was being extorted for money by Blood gang members and feared for his safety. (Doc. 1-1, at PageID 11).

Plaintiff alleges, without stating any dates or details, that he "went to the Defendants and filed paperwork informing them of [his] situation and they have so far ignored [his]

---

[1]Plaintiff does not indicate the date of the alleged rape. The Court notes, however, that plaintiff is currently proceeding in this Court in a separate case involving allegations that he was raped by a blood gang member while housed at the Warren Correctional Institution (WCI). *See Marquez B. Perry v. Warden, et al.,* Case No. 20-cv-30 (S.D. Ohio). In the absence of allegations to the contrary in the instant complaint, the Court understands plaintiff to be referring to the alleged rape at issue in Case No. 20-cv-30, which occurred prior to his incarceration at SOCF. *See Marquez B. Perry v. Warden, et al.,* Case No. 20-cv-30 (Doc. 15, at PageID 196).

3

concerns." (Doc. 1-1, at PageID 11). Additionally, in a similarly conclusory fashion, plaintiff alleges that defendant Harris wrote him a conduct report in retaliation for requesting protective custody. (Doc. 1-1, at PageID 11).

For relief, plaintiff seeks monetary damages and injunctive relief in the form of a transfer "to a safer environment." (Doc. 1-1, at PageID 12).

Based on the above factual allegations, plaintiff brings deliberate indifference claims against all the defendants and a retaliation claim against defendant Harris. For the following reasons, plaintiff's complaint is subject to dismissal.

As an initial matter, plaintiff has not stated a viable claim for injunctive relief. To the extent that plaintiff seeks relief in the form of an order compelling the defendants to transfer him to another institution, the request is moot because plaintiff is no longer incarcerated at SOCF. *See, e.g., Parks v. Reans,* 510 F. App'x 414, 415 (6th Cir.2013) (per curiam) (citing *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996)) (holding that the district court properly dismissed the plaintiff's request for injunctive and declaratory relief based on incidents that had occurred at a prison facility where he was previously confined because the request was rendered "moot upon his transfer to a different facility"); *cf. Dulaney v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir.1997) (holding that request for injunctive relief based on Eighth Amendment claim of denial of medical care was rendered moot by the plaintiffs' release from the prisons involved in the case). Plaintiff has not alleged any claim against TCI prison officials. In any event, such a claim could only be brought in a separate complaint filed in the Northern District of Ohio, where TCI is located.

Next, plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf &*

4

*Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663. A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Therefore, the individual defendants are immune from suit in their official capacities to the extent that plaintiff seeks monetary damages.

Further, plaintiff has failed to state a deliberate indifference claim against defendants. To state an Eighth Amendment claim against prison officials based on their failure to protect him from an attack, plaintiff must allege facts showing that defendants' conduct amounted to "deliberate indifference" to a known risk of harm to plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Vaughn v. Ricketts*, 859 F.2d 736, 741 (9th Cir. 1988) (finding that a prison administrator's indifference to brutal behavior of guards towards inmates is sufficient to state an Eight Amendment claim), *overruled on other grounds by Koch v. Ricketts*, 68 F.3d 1191 (9th Cir. 1995). A prison official may be held liable for his failure to protect inmates from attack only if he or she knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Plaintiff's complaint generally groups the defendants together and contains only conclusory allegations of

wrongdoing. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). *See also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions."). Absent allegations demonstrating that defendants knew of and disregarded a substantial risk of harm to plaintiff, the Court cannot infer that any of the defendants werea deliberately indifferent to plaintiff's safety. Accordingly, plaintiff's deliberate indifference claims are subject to dismissal.

Plaintiff's conclusory allegations of retaliation against defendant Harris likewise fail to state a claim upon which relief can be granted. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that defendant Harris wrote him a conduct report in retaliation for requesting protective custody. Assuming *arguendo* that a request for protection is protected conduct, plaintiff fails to allege facts showing that defendant Harris's alleged actions were

6

motivated by a desire to retaliate against plaintiff for making the protection request. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter,* 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir. 1987)).  Plaintiff has not made any factual allegations against defendant Harris preceding the alleged writing of the conduct report or otherwise alleged facts suggesting that Harris was motivated to write a conduct report by plaintiff engaging in protected conduct.  Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly,* 550 U.S. at 555–57.  *See also Whiteside v. Collins,* No. Civ.A. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted,* 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010).  Because plaintiff has failed to support his claim with non-conclusory allegations of a causal connection between the alleged adverse actions and First Amendment protected conduct, his retaliation claim should be dismissed.

Accordingly, in sum, the complaint should be dismissed pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

                                              *s/Stephanie K. Bowman*
                                              Stephanie K. Bowman
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARQUEZ B. PERRY,　　　　　　　　　　Case No. 1:21-cv-225
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Cole, J.
vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

WARDEN RON ERDOS, *et al.*,
　　　Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).