UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARQUEZ B. PERRY,

    Plaintiff,

v.

WARDEN RON ERDOS, et al.,

    Defendants.

Case No. 1:21-cv-225
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's July 20, 2021, Report and Recommendation ("R&R") (Doc. 10), which recommends dismissing Plaintiff Marquez Perry's Complaint (Doc. 9) with prejudice; Perry's Motion for Leave to Amend the Complaint (Doc. 12); the Magistrate Judge's September 7, 2021, R&R (Doc. 13), which recommends denying Perry's Motion for Leave to Amend the Complaint (Doc. 12); and Perry's Objections (Doc. 19) to both R&Rs (Docs. 10, 13). For the reasons stated more fully below, the Court **OVERRULES** Perry's Objections (Doc. 19) and **ADOPTS** both R&Rs (Docs. 10, 13), to the extent that the Court: (1) **DISMISSES** Perry's Complaint (Doc. 9), but does so **WITHOUT PREJUDICE**; and (2) **DENIES** Perry's Motion for Leave to Amend the Complaint (Doc. 12).

## BACKGROUND

Plaintiff Marquez Perry filed a Complaint on July 20, 2021, against four Southern Ohio Correctional Facility ("SOCF") officials: Warden Ron Erdos, Deputy Warden Cynthia Davis, Unit Management Chief Jeremy Oppy, and Unit Manager Harris (whose first name does not appear in the Complaint). In that Complaint, Perry

1

alleges that he was raped by a "high-ranking" gang member while he was incarcerated at the Warren Correctional Institution. (Doc. 9, #57; *see also* July 20, 2021 R&R, Doc. 10, #63 n.1). Perry says he reported the rape, which resulted in consequences for the "high-ranking" gang member. (Compl., Doc. 9, #57). Perry was subsequently transferred from Warren Correctional to SOCF. (*See* Change of Address Notice, Doc. 4, #22). Despite the transfer, Perry alleges that other members of that same gang, who are housed at SOCF, have repeatedly made violent threats against him because they are "upset that [Perry] reported [the] rape." (Compl., Doc. 9, #57).

According to Perry, he informed Defendants (who are SOCF personnel) of these threats, but they "ignored his concerns." (*Id.*). This, Perry says, evinces the Defendants' deliberate indifference to his safety, in violation of his Eighth Amendment rights. (*Id.*). Additionally, Perry alleges that Defendant Harris "wrote [Perry] a conduct report in retaliation" for Perry's request of protective custody, which Perry says constitutes First Amendment retaliation. (*Id.*). Perry brings this lawsuit for violation of his constitutional rights under 42 U.S.C. § 1983, seeking both injunctive relief (specifically, transfer to a "safer" environment) and damages to the tune of $500,000 from each of the four defendants, or $2,000,000 in total. (*See id.* at #58).

**A. The Magistrate Judge Files An R&R Recommending The Court Dismiss Perry's Complaint.**

The Magistrate Judge filed an R&R on July 20, 2021, which analyzes the Complaint pursuant to the sua sponte screening obligations imposed by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Doc. 10, #61–62). The R&R concludes that Perry's

Complaint fails to state a claim upon which relief—whether injunctive or monetary—can be granted. (*Id.* at #64–67). The R&R first notes that Perry's request for an injunction ordering his transfer to another facility is moot because Perry is no longer incarcerated at SOCF. (*Id.* at #64 (citing *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013)). Rather, he now resides at the Toledo Correctional Institution. (Change of Address Notice, Doc. 4, #22). As such, the named Defendants—SOCF officials—lack the power to effectuate any transfer, and Perry has not named as Defendants or stated a claim against any officials from his new facility.

As to Perry's request for monetary relief, the R&R observes that a claim for monetary damages against state officials in their official capacities is a non-starter. (July 20, 2021, R&R, Doc. 10, #64). This is because, absent an express waiver, a State is immune from damages suits under the Eleventh Amendment. (*Id.* at #64–65 (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974))). According to the R&R, that bar applies here because the State of Ohio has not expressly waived its Eleventh Amendment immunity. (*Id.* (citing *Johns v. Sup. Ct. of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 and No. 2*, 694 F.2d 449, 460–62 (6th Cir. 1982))). And, although the State itself is not a named party, a suit against the State-employed Defendants in their official capacities is essentially a suit against the State. (*Id.* at #65 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

The Complaint does not clarify, though, the capacity in which Perry seeks to sue the Defendants. It is possible, then, that Perry intended to sue the Defendants in

3

their individual capacities, in which case the Eleventh Amendment would not bar his request for damages. Contemplating this possibility, the R&R also analyzes both of Perry's claims as against the substantive law applicable to each. The R&R concludes first that Perry's Eighth Amendment deliberate indifference claim fails because the Complaint's "conclusory" allegations do not demonstrate that any particular defendant "knew of and disregarded a substantial risk of harm to plaintiff." (*Id.* at #66). The allegations therefore did not allow the Magistrate Judge to "infer that any of the defendants were deliberately indifferent" to Perry's safety. (*Id.*).

The R&R likewise concludes that the Complaint fails to state a First Amendment claim for retaliation against Harris. To state a claim for retaliation, a plaintiff must allege, among other things, that the adverse action (here, the "conduct report") was motivated, at least in part, by the alleged protected conduct (here, Perry's request for protective custody). *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The R&R found the Complaint deficient because it contains only "conclusory allegations" in this regard, rather than "factual allegations … suggesting that Harris was motivated to write a conduct report by plaintiff engaging in protected conduct." (Doc. 10, #67). Without "further factual enhancement," these conclusory allegations are, in the R&R's view, "insufficient to state an actionable claim for relief." (*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *Whiteside v. Collins*, Civil Action 2:08-CV-875, 2009 WL 4281443, at \*9 (S.D. Ohio Nov. 24, 2009), *report and recommendation adopted*, 2010 WL 1032424 (S.D.

4

Ohio Mar. 17, 2010))). In light of this analysis, the R&R recommends dismissing Perry's Complaint with prejudice for failure to state a claim.

**B.  Perry Moves For Leave To Amend His Complaint And The Magistrate Judge Files A Second R&R Recommending That Motion Be Denied.**

On August 16, 2021, Perry moved for leave to amend his Complaint, (Mot. for Leave to Amend, Doc. 12), and for an extension of time to object to the July 20 R&R (Mot. for Extension of Time, Doc. 11). The Court granted the latter motion, giving Perry until September 10, 2021, to object to the first R&R. (*See* 8/20/21 Notation Order).

The Magistrate Judge filed a second R&R on September 7, 2021, recommending that Perry's Motion for Leave to Amend be denied. (Sept. 7, 2021, R&R, Doc. 13, #74). This second R&R observes that, at the time Perry moved for leave to amend, he was not required to seek leave of court to file an amended complaint. (*Id.* (citing Fed. R. Civ. P. 15(a)(1))). But, seeing as he *had* so moved, the R&R concludes the motion should be denied because it did not meet the particularity requirement of Rule 7(b). (*Id.*). That is, Perry had failed to specify *how* he intended to amend the complaint, thereby leaving the Court and the Defendants unable to consider the proposed amendments. (*Id.* (citing *Williams v. Zumbiel Box & Packaging Co.*, No. 04-CV-675, 2005 WL 8161971, at *1 (S.D. Ohio Feb. 3, 2005))).

Perry subsequently moved for numerous extensions of his deadline to object to both R&Rs (*see* Docs. 14, 15, 16, 17), and the Court granted each Motion (*see* 9/14/2021, 9/23/2021, 11/04/2021, and 3/22/2022 Notation Orders). The Court's March 22, 2022, Notation Order, which explicitly advised Perry that no additional

5

extensions would be granted, gave him a final deadline of April 18, 2022. (3/22/2022 Notation Order). On April 28, Perry filed objections to "the Magistrate Judge's [R&R]" (though without specifying to which R&R he referred). (Doc. 19, #90). The State of Ohio, as an interested party, responded to Perry's Objections on May 12, 2022. (Doc. 20). The matter is now before the Court.

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Richards v. Colvin*, No. 2:12cv748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013) (quoting Fed. R. Civ. P. 72(b)(3)). This review, however, applies only to "any portion to which a proper objection was made." *Id.* To make such a "proper" objection, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. U.S.*, Case No. 1:16cv802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what

6

has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). Neither may an objection raise an issue for the first time; issues not presented to the magistrate judge are deemed waived. *Peterson v. Burris*, No. 17-1291, 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

That said, Perry is proceeding here pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Even absent an objection, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See, e.g.*, *Jackson v. Drug Enf't Admin.*, No. 1:21-cv-402, 2022 WL 60312, at *1 (S.D. Ohio Jan. 6, 2022) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Wilkins v. Mahlman*, No. 1:21-cv-312, 2022 WL 44689, at *1 (S.D. Ohio Jan. 5, 2022) (same).

Here, Perry has objected, at least nominally. However, even considering Perry's pro se status and construing his objections liberally, none of his objections are sufficient to merit de novo review. To begin, most of Perry's objections are entirely conclusory. For example, Perry "objects … that Defendant Harris retaliated against him for filing a [protective custody] request." (Objs., Doc. 19, #90). But objections of

7

this form have no effect at all, because filing general and conclusory objections does "not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

In addition to that flaw, several of his objections separately fail because they presuppose allegations that do not appear in his Complaint. For example, Perry argues that Defendants Davis and Oppy were deliberately indifferent because Davis placed Perry in general population "with gang members" and because Oppy failed to move Perry out of general population. (Objs., Doc. 19, #91). But, as noted, neither of these factual allegations appear in Perry's Complaint, and the Court is therefore unable to consider whether they might constitute deliberate indifference. *Cf. Peterson*, 2017 WL 8289655, at *3 ("Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.").

Perry does helpfully clarify in his Objections that he seeks to sue the Defendants for monetary relief only in their individual capacities. (*Id.* at #90). Thus, the Eleventh Amendment does not bar his claims. However, as previously discussed, the R&R concluded that Perry's deliberate indifference and retaliation claims fail regardless, because the conclusory allegations in the Complaint do not include sufficient factual matter to raise his right to relief above the speculative level. (*See* July 20, 2021, R&R, Doc. 10, #65–67). The Court agrees with the R&R's conclusion on this point, and none of Perry's objections rectify this fatal flaw.

Perry does not appear to make any objection to the second R&R, which recommends denying his motion for leave to amend. The Court therefore treats that

8

R&R as unobjected. Consistent with the advisory committee notes to Federal Rule of Civil Procedure 72(b), the Court has reviewed both the July 20, 2021, R&R (Doc. 10) and the September 7, 2021, R&R (Doc. 13) for clear error, and the Court finds none.

Although the Court finds no error in either R&R, the Court nonetheless makes one small adjustment to the recommended disposition. That is, contrary to the July 20, 2021, R&R's recommendation, the Court will dismiss Perry's Complaint *without* prejudice to his ability to re-file. After all, it appears possible that Perry could rectify the Complaint's pleading deficiencies—identified in the July 20, 2021, R&R and discussed above—and thereby plausibly state a claim against the Defendants for monetary damages, at least in their individual capacities.[1] (Perry, of course, cannot revive his request for injunctive relief, at least against the Defendants named here.)

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Perry's Objections (Doc. 19) and **ADOPTS** both R&Rs (Docs. 10, 13), to the extent that the Court: (1) **DISMISSES** Perry's Complaint (Doc. 9), but does so **WITHOUT PREJUDICE**; and (2) **DENIES** Perry's Motion for Leave to Amend the Complaint (Doc. 12). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and thus Perry is not entitled to in

---

[1] Indeed, as discussed above, Perry's Objections contain certain "new" allegations regarding the conduct of Defendants Davis and Oppy. (*See* Doc. 19, #91). To the extent that Perry intended these new allegations to supplement his Complaint (in effect acting as the proposed amendments omitted from his Motion for Leave to Amend (Doc. 12)), he is free to re-file his Complaint and include those allegations. Without deciding the issue, however, the Court registers some doubt as to whether such a complaint—even containing those additional allegations—would suffice to state a claim for deliberate indifference.

9

forma pauperis status on appeal. *See McGore v. Wrigglesworth,* 114 F.3d 601, 610 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 206 (2007). The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

    **SO ORDERED.**

June 2, 2022
**DATE**　　　　　　　　　　　　　　**DOUGLAS R. COLE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**